Argued and submitted July 12, the decision of the Court of Appeals affirmed in part and reversed in part, the judgment of the trial court reversed and case remanded to that court for further proceedings August 30, reconsideration denied October 18, 1988

SOLBERG,
*Plaintiff,*

*v.*

JOHNSON et al,
*Defendants,*

A. P. CORRAL, INC.,
dba Red Steer,
*Third-Party Plaintiff/*
*Respondent on Review,*

*v.*

HOWARD,
*Third-Party Defendant/*
*Petitioner on Review.*

(CC A8407-03946; CA A41884; SC S35099)

760 P2d 867

Thomas M. Christ, of Mitchell, Lang & Smith, Portland, argued the cause and filed the petition for petitioner on review.

I. Franklin Hunsaker, Portland, argued the cause for respondent on review. With him on the response to the petition were Thomas D. Adams, Stephen F. English and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Peterson, Chief Justice, Linde, Campbell, Carson, Jones and Gillette, Justices, and Van Hoomissen, Justice pro tempore.

JONES, J.

## JONES, J.

The trial court dismissed the third-party complaint of Red Steer Tavern, whose patron, Johnson, injured Solberg, plaintiff, in an automobile accident. Plaintiff brought an action against the driver of the automobile, Johnson, and against the operators of the taverns where Johnson had been drinking the night of the accident. After settling with plaintiff, Red Steer Tavern brought a third-party action seeking contribution from Johnson's stepfather and drinking companion, Howard, alleging that Howard had negligently "served" Johnson at the Red Steer after Johnson was visibly intoxicated, claiming liability based on "statutory tort" and common-law negligence. Howard moved to dismiss, the trial court granted the motion and the Red Steer appealed. The Court of Appeals reversed, holding that although Red Steer's complaint did not state a statutory tort claim under *former* ORS 30.955,[1] the complaint did state a claim for common-law negligence. *Solberg v. Johnson,* 90 Or App 90, 750 P2d 1190 (1988).

Howard petitions this court to reverse the Court of Appeals' holding that he could be liable to plaintiff under common-law negligence. Red Steer asks that we affirm the Court of Appeals decision with regard to Howard's common-law negligence claim but reverse the decision that there was no statutory tort claim stated under ORS 30.955. We affirm in part and reverse in part the decision of the Court of Appeals, because we hold that plaintiff has stated a claim under both theories.

The relevant portions of the third-party complaint allege:

"On or about November 20, 1982 Defendant Richard Howard and Lonnie Johnson bought alcoholic beverages for each other at various bars including but not limited to, the Red Steer Tavern. On or about November 20, 1982 Defendant Richard Howard bought alcoholic beverages for Lonnie Johnson at the Red Steer after Johnson was visibly intoxicated.

---

[1] ORS 30.955 was repealed in 1987. Or Laws 1987, ch 774, § 14. Its substance was incorporated into ORS 30.950. Or Laws 1987, ch 774, § 13. *Former* ORS 30.955 stated:

"No private host is liable for damages incurred or caused by an intoxicated social guest unless the private host has served or provided alcoholic beverages to a social guest when such guest was visibly intoxicated."

"On or about November 20, 1982 Defendant Richard Howard served and provided alcoholic beverages to Lonnie Johnson and was thereby a social host pursuant to ORS 30.955.

"At all material times herein Third-Party Defendant Richard Howard was the step-father of Lonnie Johnson. Defendant Richard Howard knew or should have known that Lonnie Johnson had a serious drinking problem; that he had been convicted on prior occasions of driving while under the influence of intoxicants and that Johnson had been involved in prior automobile accidents when he had been drinking."

In sum, Red Steer, third-party plaintiff, alleges that Howard, third-party defendant, (1) is liable to plaintiff for violation of ORS 30.955, which would constitute a statutory tort; and (2) is also liable to plaintiff under common-law negligence. Red Steer seeks contribution under ORS 18.440(1), which provides:

"Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant."

We will consider each question in turn.

## I. STATUTORY TORT UNDER ORS 30.955

Red Steer asserts that Howard is liable to plaintiff under *former* ORS 30.955 and, therefore, Red Steer is entitled to contribution under ORS 18.440.

In *Gattman v. Favro,* 306 Or 11, 15, 757 P2d 402 (1988), we stated that the proper "question in a statutory tort context is whether the plaintiff has 'pleaded an infringement by [the defendant] of a legal right arising independent of the ordinary tort elements of a negligence action' " (quoting *Nearing v. Weaver,* 295 Or 702, 707, 670 P2d 137 (1983)).

An action which may violate a statute does not necessarily give rise to a statutory tort unless the tort is of the nature the statute was specifically designed to remedy. *Gattman,* 306 Or at 24. In *Gattman,* the question presented was

whether ORS 30.950[2] provided a remedy to a victim of an attacker. The attacker was served alcohol at a public bar while visibly intoxicated, and then left the establishment and attacked the victim. In determining that ORS 30.950 did not apply in that case, this court examined the history and purpose of the statute. We concluded that ORS 30.950 was not intended to apply to such a situation. In the present case, however, we conclude that ORS 30.955 was specifically adopted to provide a remedy for persons such as the third-party plaintiff.

ORS 30.955 has the same origin as ORS 30.950. Both were part of House Bill 3152, which became Oregon Laws 1979, chapter 801. Both statutes share the same historical lineage, but each is distinct and directed to a different provider of liquor.

ORS 30.950 was designed to hold liable for damages licensees who serve liquor to visibly intoxicated patrons. ORS 30.955 was designed for a different purpose. It was directed to social hosts (not licensees) serving visibly intoxicated guests. In other words, HB 3152 by its very structure was designed to apply to two separate and distinct settings: (1) licensees or permittees who serve alcohol, in a commercial setting, to visibly intoxicated patrons; (2) "social hosts" who serve visibly intoxicated guests. *See* Minutes, House Committee on Judiciary, June 11, 1979; June 26, 1979.

The legislative record does not give much guidance as to who the legislature thought would constitute a "social host." The discussion concerned almost exclusively bartenders and taverns. We assume, however, that the legislature intended the words to be used in a reasonable manner as long as that usage is consistent with the statutory purpose. *See Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981); *Buell v. State Indus. Acc. Commission,* 238 Or 492, 395 P2d 442 (1964).

■ Webster's Third New International Dictionary (1971), defines "social" as "marked by or passed in pleasant

---

[2] ORS 30.950 was amended in 1987, see note 1. ORS 30.950 (1985) provided:

"No licensee or permittee is liable for damages incurred or caused by intoxicated patrons off the licensee's or permittee's business premises unless the licensee or permittee has served or provided the patron alcoholic beverages when such patron was visibly intoxicated."

companionship with one's friends or associates." It defines "host" as "one who receives or entertains guests or strangers socially or commercially." *Wiener v. Gamma Phi, ATO Frat.,* 258 Or 632, 640, 484 P2d 18 (1971), held that a social host is one who has control of choosing who will be served. We think that a social host within the meaning *former* ORS 30.955 is one who receives guests, whether friends or associates, in a social or commercial setting, in which the host serves or directs the serving of alcohol to guests.[3]

■   The typical example of a social host under *former* ORS 30.955 is where a host invites associates to participate in a social gathering, in a private setting, and furnishes and serves alcohol to a guest. But not every host entertains guests at home. Many entertain at hotels, clubs or resorts. Hosting at taverns is not uncommon. One does not need to belong to or utilize the services of an exclusive club to play the role of a host. One may pay a monthly liquor bill to a club or ante up per drink at a tavern and still be a host.

■   A stepfather buying drinks for his stepson, in a public tavern, sufficiently serves and controls the furnishing of the drinks to constitute a social host within *former* ORS 30.955. The statute was written to cover such a situation. Therefore, Red Steer's complaint does allege "an infringement * * * of a legal right arising independent of the ordinary tort elements of a negligence action," *Nearing v. Weaver, supra,* 295 Or at 707, and it was improper for the trial court to grant Howard's motion to dismiss this claim.

## II.   COMMON-LAW NEGLIGENCE

■   A negligence complaint, to survive a motion to dismiss, must allege facts from which a factfinder could determine (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was

---

[3] For a further understanding of "social host," *see* Bedard Douglas, *One More For The Road: Civil Liability of Licensees and Social Hosts For Furnishing Alcoholic Beverages to Minors,* 59 BUL Rev 725 (1979); Comment, *Recognizing the Liability Of Social Hosts Who Knowingly Allow Intoxicated Guests To Drive: Limits To Socially Acceptable Behavior,* 60 Wash L Rev 389 (1985).

within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent. *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987); *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 606, 469 P2d 783 (1970).

█ Red Steer's complaint alleges that Howard knew or should have known that Johnson had a serious drinking problem, and that Howard bought alcoholic beverages for such a person while that person was visibly intoxicated. Such allegations are sufficient to submit the question to a trier of fact. This court has held that where a host could foresee "that he is dealing with persons whose characteristics make it especially likely that they will do unreasonable things," a cause of action in negligence is available. *Wiener,* 258 Or at 639.

Red Steer also alleges that there is a connection between Howard's acts and Solberg's injury. In *Campbell v. Carpenter,* this court held that "injuries which result in the ordinary course of events from * * * negligence [create liability] and it is generally sufficient if [the defendant's] negligent conduct was a substantial factor in bringing about the injuries." 279 Or at 240-41 (quoting *Rappaport v. Nichols,* 31 NJ 188, 156 A2d 1, 9 (1959)). Red Steer has alleged that Howard's act of buying drinks for a visibly intoxicated Johnson was a negligent act which produced an injury to plaintiff. Red Steer asserts that Howard was unreasonable in his conduct of buying drinks for Johnson and that that conduct created a risk. As this court held in *Campbell,* the risk and harm Howard allegedly created was foreseeable and the class of plaintiffs was likewise foreseeable.

Our holding that Howard could be seen to have acted negligently should not be read as overruling *Wiener. Wiener* is still good law. The question in *Wiener* was whether a purchaser of alcohol is liable for harm that follows as a result of the consumption. The court held that the purchaser is not liable when acting "only as a conduit in providing alcohol to those who directly serve it to others." 258 Or at 640. The court explained its reasoning: "We do not think that the harmful consequences of that choice should be visited upon another who has no part in making it." *Id. Wiener* focused upon the control the provider of alcohol had in determining who drank

and how much. The court determined that Kienow, the provider of alcohol, had no control over who consumed the alcohol; therefore, Kienow had no liability for harm suffered by those who drank the alcohol.

In contrast, in the present case, Red Steer alleged that Howard *"served and provided"* alcoholic beverages to Johnson, who "Howard knew or should have known * * * had a serious drinking problem." In this allegation Red Steer paralleled this court's description of a person "whose characteristics make it especially likely that they will do unreasonable things." *Wiener*, 258 Or at 639. *Wiener* held that "there may be circumstances under which a person could be held liable for allowing another to become dangerously intoxicated." *Id.* at 640. The distinguishing circumstance is the amount of control. In *Wiener* there was no control. In the present case it is alleged that there was direct control. The decision as to the amount of actual control rests with the trier of fact, not the court.

We find that the complaint alleges sufficient facts to submit the common-law negligence claim to a trier of fact. The trier of fact must finally determine if Red Steer has met its burden of proving the allegations of common-law negligence.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.