Tammy Lynn KELLOGG, Administrator of Estate of Kenneth Charles Reich, deceased, Appellant,

v.

James F. OHLER, Jr., and Marion Kay Ohler, Husband and Wife, Doug Ohler and Robert Gross, Appellees.

Nos. 71092, 73104.

Supreme Court of Oklahoma.

Feb. 11, 1992.

As Corrected March 17, 1992.

Richard D. James, Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson, James & Coiner, Miami, for appellant.

Roger R. Williams, Thomas E. Baker, Williams, Clark, Baker, Howard and Earl, P.A., Tulsa, for appellees.

SUMMERS, Justice:

Plaintiff urges us to use this case to resolve the question of whether a social host may be held liable for injuries caused to a third party by an intoxicated guest. Plaintiff's theory is that "dram shop" liability, first recognized by this court in *Brigance v. Velvet Dove Restaurant*, 725 P.2d 300 (Okla.1986), should be extended to the social host. Because (1) none of the defendants in this case were social hosts, and (2) we do not provide advisory opinions for hypothetical cases, *Loffland Bros. Co. v. Overstreet*, 758 P.2d 813, 819 (Okla.1988), the question tendered for our consideration must await another day. In the meantime

the plaintiff's suit fails as a matter of law for want of having stated any other recognized theory of recovery.

Larry Stogsdill, a minor, became intoxicated while visiting in a house owned by James and Marion Ohler and occupied by their son, Doug, and a friend, Robert Gross. The parents were living in another state at the time of the incident. On February 27, 1987, a group of young people gathered at the house and began to consume alcohol. Stogsdill became intoxicated, left the house and was involved in a car accident in which Charles Reich was killed and Joyce Reich was severely injured.

Tammy Kellogg brought two lawsuits: one as administrator of the estate of Charles Reich, and the other as guardian of Joyce Reich. In both instances she asserted that Doug Ohler and Gross, as social hosts, and the Ohler parents, as premises owners, were liable for the death and injuries caused by the actions of Stogsdill. Defendants filed a motion for summary judgment in the first case, stating that there was no basis for liability under current Oklahoma law, and even if there was, the facts would not support a finding of liability. After a hearing the trial court sustained the motion because there was no authority for extending liability to a social host in Oklahoma. Defendants filed a motion to dismiss in the second case, and it was granted for the same reason. Plaintiff appealed both cases and they have been consolidated for disposition.

In *Brigance v. Velvet Dove Restaurant*, 725 P.2d at 305–6, this Court rejected the common law rule of non-liability for tavern owners with respect to injured third parties. We held that "one who sells intoxicating beverages for on the premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person." *Id.* at 304.

Recently, we were asked to extend the *Brigance* ruling to extend liability for the benefit of an intoxicated person who injured himself. *Ohio Cas. Ins. Co. v. Todd*,

813 P.2d 508, 512 (Okla.1991). Refusing to expand *Brigance* to cover such a situation, we held that such an extension would be akin to rewarding the inebriate for his or her own immoderation. We recognized that "[a] court that creates, as in *Brigance,* a cause of action based on public policy has a burden to responsibly chart the boundaries beyond which the new cause of action does not serve the public...." *Todd* at 512.

Here, we must stop short of deciding the question of social host liability; the uncontroverted facts simply do not place any defendant in the role of social host. Because this Court will not adjudicate hypothetical questions separate and apart from the facts of the case, we reserve the question for a case in which the facts will allow us to make a proper determination. *See Loffland,* 758 P.2d at 819.

Rule 13 of the District Court Rules, 12 O.S.1981 Ch. 2, App., Rule 13, governs the procedure for summary judgments. Generally, the rule requires that the parties supply the court with references to depositions, admissions, stipulations, answers to interrogatories and exhibits on which they rely to show controverted facts or uncontroverted facts. "If the motion for judgment is granted, the party or parties opposing the motion cannot on appeal rely on any fact or material that is not referred to or included in the statement in order to show that a substantial controversy exists." Rule 13(b).

Plaintiff, the party opposing the motion, filed a response to the motion for summary judgment asserting that there were controverted facts as to whether the defendants were social hosts. The only material referred to by plaintiff was the deposition of Marion Ohler. Her deposition was cited as the basis of plaintiff's allegation that the parents knew of the party. However, after a review of the deposition we find no such statement.

Plaintiff also stated that at trial she expected to prove that Doug and Gross were social hosts, that such gatherings were frequently hosted by them, and were hosted with the knowledge and consent of the parents. No reference to any other material was made by Plaintiff. According to Rule 13(b), only that material which is referred to or included in the response may be the basis, on appeal, for an assertion that a material factual controversy exists. These bald assertions made by plaintiff are not sufficient to refute the defendants' motions.

■ Even assuming that the entire record could be considered on appeal, we find no factual controversy. In order to be considered a social host, some degree of control is necessary. In *Solberg v. Johnson,* 306 Or. 484, 760 P.2d 867, 870 (1988), the Oregon Supreme Court defined a social host as "one who receives guests, whether friends or associates, in a social or commercial setting, in which the host serves or directs the serving of alcohol to guests." *See Alioto v. Marnell,* 402 Mass. 36, 520 N.E.2d 1284, 1285 (1988); *Hostetler v. Ward,* 41 Wash.App. 343, 704 P.2d 1193, 1198 (1985).

■ It is undisputed that the parents lived in Alabama, did not invite anyone to their Oklahoma home and did not furnish any alcohol to Stogsdill. In fact, both parents stated that they did not know of the gathering until much later. They had absolutely no control over the alcohol served nor the people who consumed it. As a matter of law the parents were not social hosts.

■ As for Doug Ohler, it is agreed that he was not at home when most of the events took place. He was at work and arrived home to find the gathering at his house, including an already intoxicated Stogsdill. He did not furnish alcoholic beverages to anyone. He was not in control of the alcohol being served or consumed. As a matter of law Doug was not a social host. *See Solberg,* 760 P.2d at 870.

■ Gross was a resident of the house, staying there with the consent of the par-

ents. Plaintiff points out that he physically made the purchase of the beverage consumed. This alone is insufficient to establish Gross as social host, particularly since money to purchase it was furnished by others in the group and Gross had no control over who drank it or how much they drank. *See Solberg,* 760 P.2d at 870; *Johnston v. KFC Natl. Management Co.,* 71 Haw. 229, 788 P.2d 159, 161 (1990).

All things considered, we must today decline to address the question of whether *Brigance* liability should be extended to a social host. None of the defendants were social hosts and no other theory supporting liability is advanced. Judgment of the Trial Court is AFFIRMED.

OPALA, C.J., HODGES, V.C.J., and DOOLIN and ALMA WILSON, JJ., concur.

SIMMS, J., concurs specially.

KAUGER, J., concurs in result.

LAVENDER, J., concurs in part, dissents in part. "I would affirm the trial court's ruling that liability does not extend to a social host in Oklahoma."

HARGRAVE, J., concurs in parts, dissents in part.

OPALA, Chief Justice, with whom HODGES, Vice Chief Justice, joins, concurring.

I write separately to explain that I concur in today's opinion and in the court's

judgment because the evidentiary materials in the record show none of the four defendants was *in charge of serving or dispensing alcoholic beverages* during the drinking episode from which harm is alleged to have arisen.

Today's opinion *correctly* leaves undecided a cluster of questions, of which at least two come immediately to my mind: (1) Should the teachings of *Brigance*[1] be extended to make a noncommercial provider of alcoholic beverages liable for serving liquor to one who was then known, or should have been known, to be intoxicated? and (2) If such conduct be declared actionable, what parameters of duty should be imposed on a "purely social host"[2] entertaining visitors in a residential setting?

The birth of jurisprudence that would settle these questions must be postponed. Courts are not allowed to forecast what they might do about an issue that is not before them.[3] It is indeed prudent that we today remain true to this principle by abstaining from speculating in *gratis dicta* about future pronouncements.[4]

SIMMS, Justice, concurring specially:

The trial court sustained defendants' motion for summary judgment based on its finding that there was no authority to extend liability to a social host. I agree with that evaluation of the law and further advocate the correctness of that legal position

---

**1.** *Brigance v. Velvet Dove Restaurant, Inc.,* Okl., 725 P.2d 300 (1986).

**2.** Noncommercial servers of alcoholic beverages could well be divided into several distinct subclasses, each of which may warrant a different treatment for consideration of liability. Included in this rather large class of providers are individual residential social-purpose hosts, fraternities and sororities, business-related as well as social-purpose activities' hosts entertaining in public, semi-public or purely private places outside of homes, employer sponsors, and promotional business entertainers. *See* RONALD S. BEITMAN, A PRACTITIONER'S GUIDE TO LIQUOR LIABILITY LITIGATION 11–14; Walking The Line of Liquor Liability: *Ohio Casualty Insurance Company v. Todd,* 27 Tulsa Law Journal 69, 72 (1992).

**3.** *"Every judgment must be read as applicable to the particular facts proved or assumed to be proved,* since the generality of the expressions which may be found there are not intended to be expositions of the whole law but govern and are qualified by the particular facts of the case in which such expressions are to be found." (Emphasis added.) Lord Halsbury's famous passage in Quin v. Leathem [1901] A.C. 495 at p. 506, quoted in RUPERT CROSS, PRECEDENT IN ENGLISH LAW 37 (1961).

**4.** *Northeast Okl. Elec. v. Corp. Com'n,* Okl., 808 P.2d 680, 683 (1991); *Westinghouse Elec. v. Grand River Dam Auth.,* Okl., 720 P.2d 713, 718 (1986); *see also Application of Goodwin,* Okl., 597 P.2d 762, 765 n. 8 (1979).

and the desirability of adopting it. Public policy considerations weigh strongly against extending liability to social hosts. A recent law review article notes it would be unfair to hold the social host to the same standard as the commercial vendor as the average social host receives no economic gain from furnishing alcohol, is less economically able to sustain liability and is not experienced at recognizing signs of intoxication. *See Walking the Line of Liquor Liability: Ohio Casualty Insurance Company v. Todd,* 27 Tulsa L.J. 69 (1991).

I concur in the majority's affirmance of the trial court's judgment. I would, however, simply hold that under these facts liability cannot be imposed on social hosts. I am authorized to state that JUSTICE DOOLIN joins with me in the views expressed herein.