## Balest v. Krafick

C.P. of Westmoreland County, no. 1862 of 1999.

*Merle Kramer Mermelstein* and *Michael Nardelli,* for plaintiff.

*Peter B. Skeel,* for defendants Myers.

*Gregory T. Weis,* for defendants Michelle and Patrick Krafick.

*Scott O. Mears Jr.,* for defendant David Krafick.

*Robert A. Cinpinski,* for defendant Hileman.

*Joseph L. Luvara,* for defendant Michael Krafick.

*Larry D. Loperfito,* for defendant Duddy.

LOUGHRAN, *P.J.,* September 3, 1999—On July 20, 1997, the decedent Brandon Leigh LeBlanc was killed in an automobile accident when the car in which he was riding as a passenger left the roadway and rolled onto its roof. The automobile was operated by defendant David Krafick.

Immediately prior to the accident the decedent had been an invited guest at the home of defendants, Ross and Debbie Myers, and their daughter, Cassie Lee Myers, who at that time was 14 years of age.

Liquor and/or malt beverages were available to the Myers' home and were consumed by the decedent and the driver of the vehicle, defendant David Krafick, as well as other invited guests. At some time during the evening of July 19 and/or July 20, 1997, the defendants Ross and Debbie Myers left their home under the control of their 14-year-old daughter, Cassie Lee Myers. It is not known at what point in time the Myerses left their home nor is it known to plaintiff where the Myerses were going that evening or when they would be returning. At some point in time, Cassie Lee Myers decided to host a party at her house and invited guests including the defendant David Krafick and the decedent. The complaint alleges alcohol was made available by the Myers family to the invited guests. It is not known whether the party

began before Mr. and Mrs. Myers left their home or sometime afterward. There was no adult supervision provided by the Myers parents and they left their home under the control of a 14-year-old who had alcoholic beverages readily available to her and to her guests.

Preliminary objections have been filed by various defendants. George W. Duddy t/d/b/a Duddy's Pizza Parlor's preliminary objections contend that plaintiff has not shown proximate cause of plaintiff's harm merely by asserting violation of the Dram Shop Act of Pennsylvania, 47 P.S. §4-493, in supplying alcohol to a minor nor that intoxication resulted from consuming the alcohol.

Michael Krafick has filed preliminary objections contending that Count II, paragraph 23 of the complaint should be stricken as it pleads loss of consortium by parents for injury to a minor child which is not recognized in Pennsylvania. David Krafick filed identical preliminary objections as those filed by Michael Krafick. The same preliminary objections were also filed by Michelle and Patrick Krafick. These objections will be referred to as the Krafick objections.

The parents Ross and Debbie Myers seek dismissal as they contend the complaint is based upon vicarious liability as a result of consumption of alcohol in their home when they are not present, which they contend is not recognizable in Pennsylvania and Cassie Lee Myers seeks dismissal as Pennsylvania recognizes no duty by a minor to another minor concerning the furnishing or consumption of alcohol. Additionally, supplemental objections were filed that are identical to the Krafick objections.

In ruling on preliminary objections, the court must accept as true all well-pleaded allegations in the com-

plaint and all inferences reasonably deducted therefrom. Further, all doubts should be resolved against dismissal of the complaint. *Stone & Edwards Insurance v. Department of Insurance,* 151 Pa. Commw. 266, 616 A.2d 1060 (1992). The court shall sustain preliminary objections and dismiss the complaint *only* in cases that are clear and free from doubt that the law will not permit recovery. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg,* 138 Pa. Commw. 475, 588 A.2d 584 (1991).

As to the objections of George W. Duddy t/d/b/a Duddy's Pizza Parlor, paragraphs 68 and 70 provide sufficient allegations concerning the liquor purchase, by whom it was purchased and allegations of proximate cause to overcome these objections. Accordingly, the preliminary objections will be denied.

The Krafick objections and the supplemental Myers objections must be sustained.

In *Quinn v. City of Pittsburgh,* 243 Pa. 521, 90 A. 353 (1914), the Pennsylvania Supreme Court ruled that claims for loss of consortium were limited to spouses and did not extend to the loss of a minor child's consortium. This rule has remained undisturbed and, consequently, is still prevailing law in Pennsylvania. See *e.g., Schroeder v. Ear, Nose and Throat Associates,* 383 Pa. Super. 440, 557 A.2d 21 (1989), *appeal denied,* 523 Pa. 650, 567 A.2d 653 (1989); *Jackson v. Tastykake Inc.,* 437 Pa. Super. 34, 648 A.2d 1214 (1994).

Since Pennsylvania law clearly prohibits recovery for the loss of filial consortium, Count II, paragraph 23, of the plaintiff's complaint is legally insufficient and defendants' preliminary objections in the nature of a demurrer must be sustained and the paragraph will be stricken.

As to the objections of Cassie Lee Myers, while it is true that the case of *Kapres v. Heller,* 536 Pa. 551, 640 A.2d 888 (1994), expressly holds that a minor does not owe a duty to another minor concerning the furnishing or consumption of alcohol, paragraph 49 of plaintiff's complaint sets forth 18 subparagraphs which contain other allegations of negligent conduct of Cassie Lee Myers that create questions of fact, at this time, that prevent granting of preliminary objections. Accordingly, the preliminary objections to dismiss the complaint as to Cassie Lee Myers will be denied.

The remaining objections of Ross Myers and Debbie Myers will also be denied. It is true that pursuant to Pennsylvania law, social host liability for furnishing alcohol to minors cannot be imposed upon defendants when they were not at the premises and/or did not provide substantial assistance in the furnishing of alcohol. In *Maxwell v. Keas,* 433 Pa. Super. 70, 639 A.2d 1215 (1994), the Superior Court ruled that parents cannot be vicariously liable as social hosts for personal injuries sustained as a result of the consumption of alcohol in their home when the parents are on vacation and have no reason to anticipate the plaintiff's presence in their house or the use of alcohol on their premises. However, plaintiff's complaint raises questions of fact as to the knowledge of the Myers parents that, at this time, prevent the granting of preliminary objections. It may well be that these matters may be revisited after discovery upon summary judgment motions but, at this time, the preliminary objections will be denied.

In the alternative, the Myers objections request a more specific pleading in the event that the preliminary objections are denied. After a review of plaintiff's complaint,

it would appear that the plaintiff has pled sufficient allegations to permit the defendants to understand the complaint and form a reply and defense thereto. Accordingly, a more specific complaint will not be ordered.

## ORDER

And now, to wit, September 3, 1999, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections as to paragraph 23 of Count II will be sustained and that paragraph, as it relates to a claim for loss of filial consortium, is hereby stricken. All other preliminary objections of the defendants are denied.