## Richter v. Jaco Inc.

C.P. of Westmoreland County, no. 943 of 1999.

*Peter D. Friday,* for plaintiffs.
*Pamela V. Collis,* for defendant Jaco.
*A. Bradley Cramer Jr.,* for defendant Curtis.
*Ronald J. Bergman,* for defendant F.S. Concepts.

LOUGHRAN, *P.J.,* December 11, 2000—This action was commenced by plaintiffs filing a complaint against

Charles A. Ruggeri t/d/b/a Fantastic Sam's, F.S. Concepts Inc., t/d/b/a Fantastic Sam's and Helene Curtis Inc. as a result of injuries the wife/plaintiff allegedly incurred as a result of receiving a hair permanent treatment at the Ruggeri's salon in Mount Pleasant, Pennsylvania. The action was originally filed in Fayette County, however, by stipulation of the parties, the case was transferred to Westmoreland County, because it was originally erroneously believed that the salon was located in Fayette County.

Also by stipulation of the parties, the caption was amended to substitute Jaco Inc., t/d/b/a Fantastic Sam's for the defendant Ruggeri because although the business was originally owned by the Ruggeri family, they later incorporated. Jaco is a family owned corporation whose shareholders and officers consisted of the Ruggeri family.

In their complaint, plaintiffs alleged that on August 1, 1996, the wife/plaintiff, Bertha P. Richter, visited Jaco's Fantastic Sam's salon in Mount Pleasant, Pennsylvania for the purpose of having a hair permanent treatment, which she received from the hairdresser, Ann Catalina.

During the permanent treatment, Ann Catalina applied a solution known as Botanical no. 4 for the purpose of curling the wife/plaintiff's hair. The solution, Botanical no. 4 was manufactured by Helene Curtis and distributed by F.S. Concepts. The product was eventually sold to the wife/plaintiff during its application in the permanent treatment the wife/plaintiff received on August 1, 1996.

Plaintiffs allege in their complaint that the solution, Botanical no. 4 was a defective product which caused

the wife/plaintiff later to develop blisters, swelling, and irritation about her skin and scalp as a result of an allergic reaction to the chemical, and further caused a chemical reaction creating a condition known as allergic conjunctivitis of her eyes.

Plaintiffs' product liability claim against all of the defendants was stated in their complaint under three theories consisting of negligence in the manufacturing of the product, 402a of the Restatement (Second) of Torts, and breach of the implied warranty of merchantability.

In addition to the counts of product liability, plaintiffs have further included a count of ordinary negligence against the Ruggeris, now Jaco and F.S. Concepts only, alleging that the hairdresser negligently applied the solution causing it, in turn, to create the allergic reactions described above. Plaintiffs specifically allege that the hairdresser was negligent in applying too much of the solution, applying too strong of a concentration and failing to use adequate absorbent materials. Plaintiffs further allege in this count that the hairdresser was the servant of both Jaco and F.S. Concepts and, therefore, both are vicariously liable for wife/plaintiff's injuries.

There is also a loss of consortium claim stated on behalf of husband/plaintiff, Clarence L. Richter.

All of the defendants have denied liability as to all of plaintiffs' claims in their answers to the complaint. In addition, each defendant has filed new matter under Pa.R.C.P. 2252(d) asserting claims for contribution and indemnity against each other.

All defendants have moved for summary judgment. F.S. Concepts' motion pertains to the products liability

claim and that plaintiffs cannot establish as a matter of law, that the hairdresser, Ann Catalina, who was alleged to have been negligent in applying the permanent solution, was a servant, or under the control of F.S. Concepts.

The motion of Jaco Inc. contends that the plaintiffs are without evidentiary proof whatsoever to establish that this defendant was negligent in the design, manufacture, warning or testing of the said product. Likewise, Jaco contends the plaintiffs have not provided evidence sufficient to show that this defendant was negligent by breaching an established standard of care in the profession. Lastly, Jaco asserts the plaintiffs have failed to demonstrate conduct on the part of this defendant sufficient to recoup punitive damages.

Defendant, Helene Curtis Inc.'s, motion for summary judgment contends that (1) plaintiff, Bertha Richter, has presented no evidence to support her claim for negligence, strict liability, breach of implied warranty and punitive damages; (2) plaintiff's reaction to the hair product was an idiosyncratic or allergic reaction for which defendant is not liable under Pennsylvania law; and (3) plaintiff, Clarence Richter's, loss of consortium claim fails as a result of the lack of evidence for wife, Bertha Richter's, claims.

As to F.S. Concepts' motion that the hairdresser, Ann Catalina, was not an employee of F.S. Concepts and therefore F.S. Concepts cannot be liable under a theory of vicarious liability stemming from an employment relationship, the plaintiff has conceded this issue. Therefore, partial summary judgment will be granted upon this matter.

Summary judgment should not be entered unless a case is free from doubt; the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law, and moreover, the record must be viewed in light most favorable to non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Richland Mall Corp. v. Kasco Construction Co.*, 337 Pa. Super. 204, 486 A.2d 978 (1984).

The remaining reasons of F.S. Concepts pertain to the products liability claim. There is no question that F.S. Concepts' name appears upon the box of perm solution at issue. Accordingly, F.S. Concepts is in the chain, placing the solution in the chain of commerce, as such, if an issue of fact exists as to plaintiffs' claim, then the remaining portion of F.S. Concepts' motion for summary judgment must be denied. It is the same issues that have been raised by motions of the other defendants, Jaco and Helene Curtis.

All the defendants contend plaintiffs' product liability claim fails as a matter of law as (1) there is no evidence of the failure to properly design or test the product; and (2) there is no evidence of failure to warn of a reasonably foreseeable risk.

In a products liability action premised on negligence, a plaintiff must prove: (1) the manufacturer owed a duty to the plaintiff; (2) the manufacturer breached that duty; and (3) such breach was the proximate cause of the plaintiff's injuries. *Dauphin Deposit Bank & Trust Co. v. Toyota Motor Corp.*, 408 Pa. Super. 256, 596 A.2d

845 (1991). Further, liability is only imposed where the harmful consequences of the defendant's conduct were reasonably foreseeable and could have been prevented with the exercise of reasonable care. *Mohler v. Jeke,* 407 Pa. Super. 478, 595 A.2d 1247 (1991); *Maxwell v. Keas,* 433 Pa. Super. 70, 639 A.2d 1215 (1994); *Althaus by Althaus v. Cohen,* 710 A.2d 1147 (Pa. Super. 1998); *Morris v. Pathmark Corp.,* 405 Pa. Super. 274, 592 A.2d 331 (1991).

In failure to warn cases, Pennsylvania courts have adopted sections 388 and 395 of the Restatement (Second) of Torts. *Lambert v. PBI Industries,* 244 Pa. Super. 118, 366 A.2d 944 (1976); *Hartford Mutual Insurance Co. v. Moorhead,* 396 Pa. Super. 234, 578 A.2d 492 (1990).

Section 395 of the Restatement (Second) of Torts provides:

"A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing physical harm to those who use it for a purpose for which the manufacturer should expect it to be used and to be those whom he should expect to be endangered by its probable use, is subject to liability for physical harm caused to them by its lawful use in a manner and for a purpose for which it is supplied." Restatement (Second) of Torts §395.

Section 388 provides: "one who supplied . . . a chattel for another to use is subject to liability . . . for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier:

"(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied; and

"(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." Restatement (Second) of Torts §388.

Comment k to section 388 interprets the requirement of subsection (b) as follows:

"One who supplies a chattel to others to use for any purpose is under a duty to exercise reasonable care to inform them of its dangerous character in so far as it is known to him, or of facts which to his knowledge make it likely to be dangerous, if, but only if, he has no reason to expect that those for whose use the chattel is supplied will discover its condition and realize the danger involved." Restatement (Second) of Torts §388.

Both sections 388 and 395 of the Restatement follow general negligence principles that liability is not imposed on a manufacturer or seller unless the risk is reasonably foreseeable. In particular, the Restatement sections specifically provide that a manufacturer or seller is liable if they were aware that a product is dangerous or presents the particular risk involved.

There is no question that those in the chain of commerce owe a duty to the plaintiff to supply a product that will not cause injury. There is no question here that the wife/plaintiff was using the product for its intended and

lawful use. There is also no question that she suffered an injury while using the product. The question therefore turns upon whether the injury caused by the product was foreseeable. The defendants claim it was not foreseeable and assert that wife/plaintiff's reaction to the perm solution was an idiosyncratic allergic reaction and not a chemical burn. In the opinion of this court, this is an issue of material fact at this point in time, which prevents the granting of summary judgment.

Next, the defendants contend that summary judgment should be granted upon plaintiffs' strict liability claims under Pennsylvania state law and the Restatement (Second) of Torts §402A.

It is not the purpose of strict liability to impose absolute liability on the product's manufacturer or supplier since those entities are guarantors, not insurers, of the product's safety. *Weiner v. American Honda Motor Co.,* 718 A.2d 305 (Pa. Super. 1998). Rather, in order to sustain a strict liability action, a plaintiff must prove: (1) that the product was in a defective condition upon delivery; (2) that the product was unreasonably dangerous to the consumer; and (3) that the product was the cause of the injury sustained. *Morris v. Pathmark Corp.,* 405 Pa. Super. 274, 592 A.2d 331 (1991); *Weiner v. American Honda Motor Co.,* 718 A.2d 305 (Pa. Super. 1998). The threshold inquiry is whether there is a defect, which rendered the product unreasonably dangerous. *Id.* at 308.

Further, in cases involving complex subject matter, a plaintiff must provide expert testimony that a product is defective in order to prove a prima facie case of liability. *Dion v. Graduate Hospital of University of Pennsylva-*

*nia,* 360 Pa. Super. 316, 520 A.2d 876 (1987). The requirement for expert testimony "rises from necessity, a necessity born of the fact that the subject matter of the inquiry is one involving special skills and training beyond the ken of the ordinary layman." *Reardon v. Meehan,* 424 Pa. 460, 465, 227 A.2d 667 (1967).

At this point in time, as all doubt must be resolved against the moving parties, summary judgment will be denied as there is a genuine issue of fact created by plaintiffs' evidence at this time, even though the same may be slight, that prevents this court from granting summary judgment.

All the defendants have also requested summary judgment in their favor as to plaintiffs' breach of warranty claim. The defendants contend that as the wife/plaintiff suffered an idiosyncratic reaction they cannot be liable.

Again, whether the wife/plaintiff suffered a chemical burn or had an idiosyncratic reaction, is a question that, at this time, must be resolved in favor of the plaintiffs and against the defendants as moving parties as all doubt must be given to the non-moving party. Accordingly, summary judgment upon this issue will be denied.

The next issue raised by the defendants is the request for summary judgment as to plaintiffs' claims for punitive damages in every count of plaintiffs' complaint.

Pennsylvania has adopted section 908(2) of the Restatement (Second) of Torts regarding the imposition of punitive damages. This section provides that punitive damages may be awarded "for conduct that is outrageous because of a defendant's evil motive or reckless indifference to the rights of others." *Rizzo v. Haines,* 520 Pa. 484, 507, 555 A.2d 58, 69 (1989).

The Supreme Court in *Martin v. Johns-Mansville Corp.,* 508 Pa. 154, 170, 494 A.2d 1088, 1096-97 (1985), commented on the standard for punitive damages set forth in the Restatement:

"Under these principals, the imposition of damages to punish a civil defendant is appropriate only where the conduct complained of is especially egregious. . . . Punitive damages may not be awarded for misconduct which constitutes ordinary negligence, such as inadvertence, mistake and error of judgment."

Punitive damages must be based upon conduct, which is malicious, wanton, reckless, willful or oppresive. *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355 (1963). The proper focus is on the act itself, together with all circumstances including the motive of the wrongdoer and the relationship between the wrongdoer and the injured party. *Rizzo, supra* at 507, 555 A.2d at 69. The state of mind of the actor is also vital to the determination. *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984). It is essential that there be some indication that the actor had an "evil motive" in acting or failing to act. *Id.*

In the present case, plaintiffs have failed to show any facts which support claims that any defendant acted maliciously, wantonly, recklessly, or willfully. The record is devoid of any evidence that indicates an evil motive on behalf of the defendants. Accordingly, summary judgment as to plaintiffs' claim for punitive damages will be granted.

The last remaining issue is defendants' request for summary judgment as to the plaintiff/husband's claim

for loss of consortium. This motion was predicated upon defendants' motions as to the claims of the wife/plaintiff as a loss of consortium claim is derivative of the spouse's underlying action and not viable when the underlying claim fails. *Boarts v. McCord,* 354 Pa. Super. 96, 511 A.2d 204 (1986). As this court denied the underlying motions, this motion for summary judgment must be denied.

## ORDER

And now, to wit December 11, 2000, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that partial summary judgment is granted in favor of F.S. Concepts and against the plaintiffs as to plaintiffs' claim of vicarious liability stemming from an employment relationship as the hairdresser, Ann Catalina, was not an employee of F.S. Concepts and in favor of all defendants against the plaintiffs upon plaintiffs' claim for punitive damages, which is hereby stricken. All other summary judgment motions of the defendants are denied.