Argued and submitted February 8, affirmed November 2, 1994

Michael SLOGOWSKI,
as Personal Representative of
the Estates of Jason Steve Slogowski,
Rachael Michelle Slogowski and
Tanya Slogowski, Deceased, and
as Guardian Ad Litem for
April M. Slogowski, a Minor,
*Appellant,*

*v.*

James N. LYNESS
and County of Linn,
*Defendants,*

*and*

PACIFICORP,
dba Pacific Power & Light Company,
*Respondent.*

(90C12373; CA A79627)

884 P2d 566

J. Michael Alexander argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann.

Andrew Gardner argued the cause for respondent. With him on the brief were Charles F. Adams and Stoel Rives Boley Jones & Grey.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals from a judgment on the pleadings, dismissing plaintiff's negligence claim against defendant PacifiCorp. We affirm.

■ When we review a judgment on the pleadings, we must accept the allegations of fact in the pleadings as true. *Beason v. Harcleroad*, 105 Or App 376, 379-80, 805 P2d 700 (1991). The pleadings reveal the following facts.

Defendant James Lyness owns land adjacent to a roadway in Linn County. PacifiCorp holds an easement for right-of-way across that land. The easement grants

"the right to erect and maintain an electric power line, telephone or aerial cable line consisting of * * * poles [and] anchors for electric power line with the necessary wires and fixtures thereon, and to remove foliage, tree limbs or trees that may interfere with the construction, maintenance and operation of said electric power, telephone or cable line across that property * * *.

"* * * * *

"[PacifiCorp has] access to said right-of-way and the equipment thereon for the purpose of repairs, etc., provided always that said [PacifiCorp] * * * shall be held responsible for any damage which may be unnecessarily done to the property above described."

PacifiCorp maintained power lines on the easement.

According to plaintiff's complaint, for a period of at least five years,

"a large fir tree located on the property owned by the Defendant Lyness, * * * within the easement granted to Pacificorp, * * * had either broken or been cut off at its top, and had developed an adventitious growth, causing a forked structure at the top of the tree. The break or cutting also allowed the development of decay in the area of this adventitious growth. The conditions resulted in a weak branch stem union which was readily discoverable upon inspection. The condition of the tree, coupled with its position on the south side of the roadway, presented a significant foreseeable danger of tree failure and resulting collapse into the area of the roadway on which drivers and passengers of vehicles * * * would be travelling."

During a windstorm, a portion of the tree broke off and fell onto the highway, just as plaintiff was driving by. The tree branch hit plaintiff's car, killing three of his children and injuring another.

As personal representative for the deceased and injured children, plaintiff sued Lyness and PacifiCorp.[1] Plaintiff alleges that PacifiCorp was negligent in

"failing to properly inspect the trees or otherwise notice the dangerous condition of the tree * * * and take appropriate precautions to either trim or remove the tree to eliminate or lessen the hazard presented to travellers on the highway."

In its answer, PacifiCorp admitted that it was successor-in-interest to a power line easement and attached the terms of the easement to the answer. It denied all other allegations.

PacifiCorp moved for a judgment on the pleadings. The trial court granted the motion and entered judgment under ORCP 67B. Plaintiff appeals, assigning error to the entry of judgment on the pleadings in favor of PacifiCorp.

Plaintiff argues that the trial court erred, because the allegations of his complaint raise at least a factual question as to PacifiCorp's liability. Relying on *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987), plaintiff argues that, by failing to properly inspect the tree, notice its decayed condition and take appropriate precautions to prevent it from falling on the roadway, PacifiCorp unreasonably created a foreseeable risk of harm to a protected interest of plaintiff and his children. PacifiCorp argues that, as a matter of law, it cannot be held liable on the facts as alleged, because it had no duty to protect individuals using a public highway from natural conditions existing on the private property of a third person.

We review the trial court's entry of judgment on the pleadings to determine whether "the pleadings, taken together, affirmatively show that plaintiff has no cause of action against the defendant * * *." *Scott & Payne v. Patomac Ins. Co.*, 217 Or 323, 330, 341 P2d 1083 (1959); *Thompson v.*

---

[1] Plaintiff also sued Linn County. However, the claims against that defendant were later dismissed and are not at issue in this appeal.

*Telephone & Data Systems, Inc.*, 130 Or App 302, 309, 881 P2d 819 (1994).

Analysis of the sufficiency of plaintiff's negligence allegations begins with the Supreme Court's decision in *Fazzolari*. In that case, the court held that

"unless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff. The role of the court is what it ordinarily is in cases involving the evaluation of particular situations under broad and imprecise standards: to determine whether upon the facts alleged or the evidence presented no reasonable fact-finder could decide one or more elements of liability for one or the other party." 303 Or at 17.

Plaintiff argues that PacifiCorp, as an owner or possessor of land, is subject to a special duty to use reasonable care to prevent natural conditions on its property from injuring passersby on a nearby roadway and that there remains a factual question as to PacifiCorp's liability under that special duty. In support of his argument, plaintiff relies on *Taylor v. Olsen*, 282 Or 343, 348, 578 P2d 779 (1978), in which the Supreme Court held that

"except for extreme situations, the question of the landowner's or possessor's attention to the condition of his roadside trees under a general standard of 'reasonable care to prevent an unreasonable risk of harm' is to be decided as a question of fact upon the circumstances of the individual case." 282 Or at 348.

PacifiCorp argues that *Taylor* is inapposite, because, as a mere easement holder, PacifiCorp is not subject to the duties of an owner or possessor of land. Citing *Willamette Quarries v. Wodtli*, 308 Or 406, 415 n 5, 781 P2d 1196 (1989), and *Rogers v. Donovan*, 261 Or 124, 125 n 1, 492 P2d 768 (1972), PacifiCorp argues that easements are not possessory interests. According to PacifiCorp, it is subject to the general foreseeability analysis of *Fazzolari* and, under that analysis, it is not liable as a matter of law.

We need not decide whether, as a general proposition of tort law, an easement holder is a "possessor" of land, or whether PacifiCorp is subject to the special duty as opposed to the general duty to avoid conduct that creates an unreasonable risk of harm to a protected interest of plaintiff. Under both *Taylor* and *Fazzolari*, PacifiCorp is required to avoid conduct that unreasonably creates a risk of harm. Under the facts alleged in this case, PacifiCorp could not be found to have engaged in unreasonable conduct, as a matter of law.

Whether characterized as a possessory interest or given some other label, PacifiCorp's interest in the land on which the tree that caused the injury to plaintiff's children was located is defined by its easement with Lyness. That easement is limited in scope. It provides that PacifiCorp may run power lines across Lyness's land. It also provides that, although the tree located near the power lines is the property of Lyness, PacifiCorp has the right to inspect and "remove foliage, tree limbs or trees *that may interfere with the construction, maintenance and operation of said power, telephone or cable line.*" (Emphasis supplied.) Under the terms of the easement, PacifiCorp had no right to remove foliage, tree limbs or trees for reasons other than the interference with its power lines. Indeed, had PacifiCorp removed foliage, tree limbs or trees for any other reason, it could have been liable to Lyness in trespass. *See* ORS 105.810; ORS 105.815; *Hampton v. Portland Gen. Elec.*, 268 Or 121, 519 P2d 89 (1974); *Brown v. Johnston*, 258 Or 284, 482 P2d 712 (1971); *Fisher v. Carlin et ux*, 219 Or 159, 346 P2d 641 (1959).

There is no allegation in this case that the condition of the tree in any way interfered with the construction, operation or maintenance of PacifiCorp's power lines. Therefore, the question is whether PacifiCorp may be held liable for failing to go beyond the scope of its easement, to inspect Lyness's trees for possible danger to passersby on the nearby roadway and to remove any foliage, tree branches or trees that presented a risk of harm to those passersby.

We are aware of no Oregon decisions imposing liability on those facts. That comes as no surprise, because finding liability would effectively require a defendant to commit the tort of trespass in order to avoid committing the tort of negligence. Although liability in a negligence case may not

often be resolved by way of pretrial motion, in some cases a court "can decide that no reasonable factfinder could find the risk foreseeable or defendant's conduct to have fallen below acceptable standards." *Donaca v. Curry Co.*, 303 Or 30, 38-39, 734 P2d 1339 (1987). This is such a case. Under either the special duty of a possessor of land, or the more general duty described in *Fazzolari*, it would be unreasonable to hold PacifiCorp liable as a matter of law. The trial court, therefore, did not err in entering judgment on the pleadings in PacifiCorp's favor.

Affirmed.