Argued and submitted October 31, 1995, decision of the Court of Appeals and judgment of the circuit court reversed and case remanded to the circuit court for further proceedings December 6, 1996

Michael SLOGOWSKI,
as Personal Representative of the Estates of
Jason Steve Slogowski, Rachael Michelle Slogowski and
Tanya Slogowski, Deceased,
and as Guardian Ad Litem for
April M. Slogowski, a Minor,
*Petitioner on Review,*

*v.*

James N. LYNESS
and County of Linn,
*Defendants,*

*and*

PACIFICORP,
dba Pacific Power & Light Company,
*Respondent on Review.*

(CC 90C12373; CA A79627; SC S41955)

927 P2d 587

J. Michael Alexander, of Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C., Salem, argued the cause and filed the briefs for petitioner on review.

Andrew R. Gardner, of Stoel Rives, Portland, argued the cause for respondent on review. With him on the brief was Charles F. Adams.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, and Durham, Justices.**

CARSON, C. J.

** Unis, J., retired June 30, 1996, and did not participate in this decision. Graber, J., did not participate in the consideration or decision of this case.

.

## CARSON, C. J.

In this negligence action, we must decide whether plaintiff has stated a claim against defendant Pacificorp (defendant). The trial court entered a judgment on the pleadings in favor of defendant, pursuant to ORCP 21 B. The Court of Appeals affirmed. *Slogowski v. Lyness*, 131 Or App 213, 884 P2d 566 (1994). We reverse.

"[W]hen the pleadings, taken together, affirmatively show that the plaintiff has not stated a claim for relief," a motion for a judgment on the pleadings should be granted. *Hawkins v. Conklin*, 307 Or 262, 264, 768 P2d 66 (1988). We note, however, that motions for judgments on the pleadings are not favored, and amendments should be granted readily so as to preclude the entry of such a judgment. *Cole v. Zidell Explorations, Inc.*, 275 Or 317, 322, 550 P2d 1194 (1976); *see also Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 329-30, 341 P2d 1083 (1959) ("A motion for judgment on the pleadings * * * cannot be used as a substitute for [an ORCP 21 A motion] if the complaint was amendable so as to state a good cause of action."). Upon review of a judgment on the pleadings in this procedural posture, we accept the well-pleaded allegations of fact contained in plaintiff's complaint as true.[1] *See Straub v. Oregon Electric Ry. Co.*, 163 Or 93, 96, 94 P2d 681 (1939) (stating that "a motion for judgment on the pleadings admits * * * all the facts well pleaded").

Plaintiff's complaint alleges the following facts. In December 1987, defendant was the holder of an easement that gave defendant the right to erect and maintain electrical power lines across real property belonging to Lyness that was located in Linn County. The easement also gave defendant the right to "remove foliage, tree limbs, and trees that may intrude with the construction, maintenance and operation of the * * * lines across the subject property." Plaintiff's complaint also alleges that defendant "undertook to inspect all trees along its right-of-way, and to remove trees with hazardous defects."

---

[1] Plaintiff filed several amended complaints in this action. Throughout this opinion, we refer to plaintiff's third amended complaint as "plaintiff's complaint."

A large fir tree located on Lyness' real property was within the boundaries of defendant's easement. Plaintiff's complaint alleges that, for at least five years before December 1987, the tree had a hazardous condition that would have been discoverable upon inspection.

On December 9, 1987, plaintiff's wife was driving on a road adjacent to Lyness' real property. Plaintiff's four children also were in the vehicle. As plaintiff's wife drove past Lyness' real property, the fir tree broke off and fell across the roadway and on top of the vehicle. Three of the children were killed from the impact of the tree, and the fourth child was injured. Defendant's power line also was knocked down, but did not contribute to the deaths of the three children or to the injuries of the fourth child.[2]

Plaintiff, in his capacity as personal representative for his three deceased children and guardian *ad litem* for his injured child, filed this negligence action against Lyness, Linn County, and defendant.[3] The trial court dismissed plaintiff's initial complaint, as well as an amended complaint, for failure to state facts sufficient to constitute a claim for relief. ORCP 21 A(8). After plaintiff filed a second amended complaint, defendant filed an answer and also moved for a judgment on the pleadings. ORCP 21 B. Before the trial court ruled upon that motion, plaintiff filed a third amended complaint, alleging additional facts that supported plaintiff's claim against defendant. The trial court then entered a judgment on the pleadings, ruling that defendant's status as an easement holder did not give rise to any liability for harm caused by decaying trees located upon the real property subject to the easement.

Plaintiff appealed to the Court of Appeals, arguing that, "by failing to properly inspect the tree, notice its decayed condition and take appropriate precautions to prevent it from falling on the roadway, [defendant] unreasonably created a foreseeable risk of harm to a protected interest of plaintiff and his children." *Slogowski*, 131 Or App at 216.

---

[2] Plaintiff's complaint does not mention whether plaintiff's wife was physically injured in the accident.

[3] Lyness is not a party on review. The claim against Linn County was dismissed by the trial court and is not before us on review.

The Court of Appeals affirmed the trial court's judgment, stating that, "[u]nder the facts alleged in this case, [defendant] could not be found to have engaged in unreasonable conduct, as a matter of law." *Id.* at 218. We allowed plaintiff's petition for review.

■　　In order to state a negligence claim under principles of general foreseeability, plaintiff's complaint

> "must allege facts from which a factfinder could determine (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent." *Solberg v. Johnson*, 306 Or 484, 490-91, 760 P2d 867 (1988).

Plaintiff's complaint alleges, in part:

"7.

"The Defendant * * * had an easement for its power lines which gave it the right to erect and maintain electrical power lines across the property of * * * Lyness[ ], such easement encompassing the location of the tree which fell and caused the injuries hereafter alleged. Such easement gave [defendant] the right to remove foliage, tree limbs, and trees that may intrude with the construction, maintenance and operation of the * * * lines across the subject property, and gave [defendant] the right to have access to such right-of-way for the purpose of repairs. *The Defendant * * * had an ongoing obligation to inspect trees along its right-of-way to prevent them from falling* on the power lines and/or falling into the adjoining highway, *and undertook to inspect all trees along its right-of-way, and to remove trees with hazardous defects.*

"8.

"At all times mentioned herein, Plaintiff's Decedents and [plaintiff's injured child] were passengers in a vehicle driven by [plaintiff's wife] in a Westerly direction on SE

Kingwood near the City of Lyons, County of Linn, State of Oregon.

"9.

"For a period of at least 5 years before December 9, 1987 a large fir tree * * * within the easement granted to [defendant], had either broken or been cut off at its top, and had developed an adventitious growth, causing a forked structure at the top of the tree. The break or cutting also allowed the development of decay in the area of this adventitious growth. The conditions resulted in a weak branch stem union which was readily discoverable upon inspection. *The condition of the tree, coupled with its position on the south side of the roadway, presented a significant foreseeable danger of tree failure and resulting collapse into the area of the roadway on which drivers and passengers of vehicles, such as the plaintiffs in this case, would be travelling.*

"10.

"On or about December 9, 1987, at approximately 5:45 p.m., a large fir tree approximately 18 inches in diameter broke off and fell across the roadway, bringing down the Defendant['s] * * * power line, with the tree striking the top of the vehicle which [plaintiff's wife] was driving. The impact from the tree caused the death of Plaintiff's Decedents and injury to [plaintiff's fourth child]. *The failure of the tree, and the resulting accident and injury* to the [plaintiff and plaintiff's injured child], and the death of the Plaintiff's decedent[s], *was the result of the Defendant['s] negligence in failing to properly inspect the trees or otherwise notice the dangerous condition of the tree as described above, and take appropriate precautions to either trim or remove the tree to eliminate or lessen the hazard presented to travellers on the highway.*" (Emphasis added.)

Plaintiff's complaint also alleges that, "[a]s a direct and proximate result of the negligent acts of the Defendant[ ]," plaintiff and plaintiff's injured child suffered various economic and noneconomic damages.

■ For the reasons that follow, we conclude that plaintiff's complaint is sufficient to withstand a motion for a judgment on the pleadings. First, plaintiff alleges that the fallen

tree was in a hazardous condition, that the hazardous condition was discoverable, and that it was foreseeable that the tree might fall into a roadway used by travelers. Through those allegations, plaintiff's complaint sufficiently alleges that a reasonably foreseeable risk existed that the tree might fall into the roadway and harm a traveler, such as plaintiff's wife and children. *See Dahl v. BMW*, 304 Or 558, 564, 748 P2d 77 (1987) (the proper inquiry in an ordinary tort action "is whether there was a foreseeable generalized risk of the type of incident and injuries that occurred").

■ Second, after setting forth the provisions of defendant's easement, which included the right to remove trees that may intrude with the construction, maintenance, and operation of defendant's power lines, plaintiff's complaint alleges that defendant "*undertook to inspect all trees* along its right-of-way, *and to remove trees with hazardous defects.*" (Emphasis added.) Once having undertaken the responsibility to perform a task, a party must act reasonably in the exercise of that task. *See Laubach v. Industrial Indemnity Co.*, 286 Or 217, 221, 593 P2d 1146 (1979) (one who undertook to assist another person to protect that person from a known risk or peril had a duty to do so with due care); *Waterway Terminals v. P.S. Lord*, 242 Or 1, 43-44, 406 P2d 556 (1965) (the plaintiff was contributorily negligent in failing adequately to install a sprinkler system to protect contractors working on its property, after having undertaken the obligation to do so, because "the failure to have the sprinkling system operative * * * was a want of reasonable care in the circumstances"). *See also generally*, W. Page Keeton, ed., *Prosser and Keeton on the Law of Torts*, § 56, 378-82 (5th ed 1984) (discussing the duty to act reasonably and with due care in the performance of a task undertaken).

Here, plaintiff's complaint alleges that defendant undertook the responsibility to inspect *all* the trees located within the boundaries of its easement and to remove those trees with hazardous defects. With respect to causation and foreseeability, plaintiff's complaint further alleges:

"The failure of the tree, and the resulting accident and injury * * * was the result of the Defendant['s] negligence in failing to properly inspect the trees or otherwise notice the

dangerous condition of the tree * * *, and take appropriate precautions to either trim or remove the tree to eliminate or lessen the hazard presented to travellers on the highway."

Together, those allegations sufficiently allege that defendant had undertaken the responsibility to inspect all the trees and that defendant's conduct—the failure to inspect the dangerous tree properly and remedy its hazardous condition—created a reasonably foreseeable risk that the tree might fall into the roadway and cause the type of injury that occurred here to a traveler, such as plaintiff's wife and children. Through those same allegations, plaintiff's complaint also sufficiently alleges that, in failing to inspect and remove the dangerous tree after undertaking the responsibility to do so, defendant acted unreasonably in the light of the alleged foreseeable risk that the tree might fall into the roadway and harm a traveler.[4]

Finally, plaintiff's complaint alleges that defendant's unreasonable conduct with respect to the dangerous tree caused the injuries to plaintiff and his injured child. It also alleges that both plaintiff and his injured child suffered damages as a result of that conduct.

In sum, we conclude that, regardless of the existence or terms of defendant's easement, plaintiff's complaint states a negligence claim against defendant. We further conclude that, in the light of those allegations, this is not a case in which "no reasonable factfinder could find the risk foreseeable or defendant's conduct to have fallen below acceptable standards." *Donaca v. Curry Co.*, 303 Or 30, 38-39, 734 P2d 1339 (1987). Consequently, the trial court erred when it granted defendant's motion for a judgment on the pleadings.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to that court for further proceedings.

---

[4] Plaintiff also contends that the easement itself gave rise to a duty on defendant's part to inspect and remove the dangerous tree. In our view, the wording of defendant's easement is significant in this case only in an evidentiary sense—it shows *why* defendant undertook to inspect all the trees located within the boundaries of its easement, as alleged in plaintiff's complaint. In other words, plaintiff alleges that the easement granted defendant the authority to remove trees that may have intruded with its power lines and that defendant then exercised that authority when it took the additional step of undertaking to inspect *all* the trees and remove those with hazardous defects.