Argued and submitted November 18, 1998, affirmed January 13, 1999

Jason GRAHAM
and Teri Graham,
*Appellants,*

*v.*

MULTNOMAH COUNTY,
*Respondent.*

(97C-890997; CA A99827)

972 P2d 1215

Victor C. Pagel argued the cause and filed the briefs for appellants.

Susan M. Dunaway argued the cause for respondent. With her on the brief was Thomas Sponsler, County Counsel.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiffs appeal, assigning error to the trial court's allowance of the defendant county's motion to dismiss their complaint for negligence. ORCP 21 A(8). The sole issue is whether plaintiffs' allegations that their car was damaged by a county vehicle performing sanding operations sufficiently pleaded negligence under the "general foreseeability" analysis of *Fazzolari v. Portland School District*, 303 Or 1, 734 P2d 1326 (1987). We affirm.

The pertinent allegations of plaintiffs' complaint are as follows:

"2

"On December 9, 1995, Plaintiff Jason Graham was operating Plaintiffs' Thunderbird westerly on Halsey, a public highway, between 227th Street and a Thriftway store, in Multnomah County, Oregon. Weather and road conditions were snowy and icy. At that time and place an employee of Defendant was operating a road sanding truck on Halsey in the opposite direction, easterly, and was sanding the highway.

"3

"As the two vehicles approached each other from opposite directions, Plaintiffs observed that Defendant's vehicle was throwing sand onto Plaintiffs' lane of traffic. As a result, Plaintiff Jason Graham stopped Plaintiffs' vehicle in the westerly lane of traffic in an attempt to avoid damage to his vehicle from the sand.

"4

"Plaintiff Jason Graham was unable to safely move Plaintiffs' vehicle off the road due to the ice ruts along the road and the danger of driving into the ditch that ran parallel along his lane of traffic.

"5

"The operator of Defendant's vehicle knew or reasonably should have known that the sanding truck was throwing sand onto the lane of westerly traffic; that the sand

likely would damage vehicles in the lane of westerly traffic; that the road conditions and terrain along the highway were as described herein; and that Plaintiffs' vehicle had come to a halt on the highway.

"6

"The operator of Defendant's vehicle continued sanding as it passed Plaintiffs' stationary vehicle, and sand from Defendant's truck was sprayed onto Plaintiffs' vehicle, thereby damaging it.

"7

"Defendant's employee was negligent in one or more of the following particulars:

"a.  by failing to halt the sanding truck prior to passing Plaintiffs' vehicle;

"b.  by failing to halt the sanding process while passing Plaintiffs' vehicle."

Plaintiffs acknowledge that the allegation in paragraph 7 that "Defendant's employee was negligent" is a legal conclusion but assert that the remaining allegations plead facts sufficient to state a claim under *Fazzolari*.

In *Fazzolari*, the court held:

"[U]nless the parties invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct *unreasonably* created a foreseeable risk to a protected interest of the kind upon that befell the plaintiff." 303 Or at 17 (emphasis added).

In *Solberg v. Johnson*, 306 Or 484, 490-91, 760 P2d 867 (1988), the court amplified the elements of a negligence claim under the *Fazzolari* analysis:

"A negligence complaint, to survive a motion to dismiss, must allege facts from which a factfinder could determine (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) *that defendant's conduct was unreasonable in light of the risk*, (4) that the

conduct was the cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent." (Emphasis added.)

Plaintiffs' complaint is fatally deficient in that it fails to allege any facts from which a factfinder could determine that defendant's conduct was unreasonable. Plaintiffs acknowledge that the complaint does not explicitly allege that defendant's conduct was unreasonable but assert that "unreasonableness" may be inferred from the allegations in paragraph 5, *viz.*, that the damage to plaintiffs' car was a reasonably foreseeable result of defendant's conduct.

Like the trial court, we decline to equate and conflate the elements of foreseeability of harm and unreasonableness of conduct. Nothing in *Fazzolari* or in subsequent appellate negligence decisions supports such a conflation. Indeed, both the Supreme Court and we have consistently described foreseeability of harm and unreasonableness of conduct as distinct elements. *See, e.g., Slogowski v. Lyness*, 324 Or 436, 441, 927 P2d 587 (1996); *Dodge v. Darritt Construction, Inc.*, 146 Or App 612, 615, 934 P2d 591 (1997).

We note, moreover, that plaintiffs' proposed conflation of the two elements would greatly expand liability for negligence beyond that allowed under *Fazzolari* and its progeny. If plaintiff is correct, then any time a party engages in conduct that causes reasonably foreseeable harm to another, that party could be held liable, no matter how reasonable its conduct may have been in the totality of the circumstances. A hypothetical highlights that concern: (a) Firefighters use water to put out a fire at a home; (b) it is reasonably foreseeable that water will cause water-related damage to the structure and its contents; (c) the water does, in fact, damage the homeowner's prized oriental rugs; and (d) the homeowner subsequently sues the fire department, alleging merely that the damage to his rugs was a reasonably foreseeable result of the firefighters' use of water. If plaintiff in this case is correct, the fire department could be liable in negligence on those facts alone. Nothing in Oregon law sanctions such a result.[1]

---

[1] We note, without further comment, that (subject to governmental immunities) the analysis *might* be different if the homeowner alleged that the firefighters

Because plaintiffs failed to "allege facts from which a factfinder could determine * * * that defendant's conduct was unreasonable in light of the risk," *Solberg*, 306 Or at 490, the trial correctly dismissed the complaint.

Affirmed.

---

used unreasonably excessive amounts of water, unreasonably directed their hoses at the wrong target, etc.