Argued and submitted November 14, 2000, reversed and remanded
August 15, 2001

Charlotte T. SLAGLE,
individually and as personal representative of the
Estate of Richard Edwin Slagle, deceased,
*Appellant,*

*v.*

David HUBBARD
and Lori L. Hubbard, individually,
and David Hubbard, as personal representative of
Erik R. Hubbard, deceased,
*Defendants,*

*and*

Jeffrey PAINTER,
Marion H. Painter
and Blake Charles Painter, a Minor,
*Respondents.*

97-2136; A106008

29 P3d 1195

Maureen Leonard argued the cause for appellant. On the opening brief, and with her on the reply brief, was Charles Robinowitz.

Thomas W. Brown argued the cause for respondents. With him on the brief were Wendy M. Margolis and Cosgrave, Vergeer & Kester LLP.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff, acting for herself and as personal representative of the estate of her deceased husband, initiated this action for personal injury and wrongful death arising out of an automobile accident. Plaintiff's vehicle was struck by a truck driven by Erik R. Hubbard, with whom plaintiff alleged defendant Blake Charles Painter had been racing on a state highway. Plaintiff asserted a claim of negligence against Painter, a minor, and his parents. Defendants moved for judgment on the pleadings and, in the alternative, for summary judgment, arguing that the pleadings and the evidence were insufficient as a matter of law to establish that Hubbard and Painter had been racing. The trial court granted both motions. Plaintiff appeals, arguing that the trial court erred in light of allegations and evidence that Hubbard and Painter acted in concert and therefore are jointly liable for one another's tortious conduct. We agree with plaintiff and reverse and remand.

Plaintiff's second amended complaint contains the following allegations. On January 20, 1996, Painter and Hubbard intended to drive from their homes in Astoria, Oregon, to a motorcycle race in Woodland, Washington. Each drove separately in his own pickup truck. They "agreed to race" the pickups "at excessively high speeds" along Highway 30, with Painter's truck in the lead and Hubbard's truck following. Painter led at a speed that was "too fast for the conditions then and there existing" when he approached a gasoline tanker. He passed the tanker. Hubbard attempted to do likewise, but hit plaintiff's oncoming vehicle head-on, killing Hubbard and plaintiff's husband and seriously injuring plaintiff.

Plaintiff's theory of liability against defendants was that Painter aided or assisted Hubbard in the commission of a tort and therefore is jointly liable with Hubbard for the consequences of Hubbard's collision. Plaintiff also sued Hubbard's parents individually and as representatives of his estate, but her claims against the Hubbards are not at issue in this appeal.

Defendants moved for judgment on the pleadings and, in the alternative, for summary judgment, arguing that Painter was not involved in the accident and that plaintiff's attempt to impose joint liability by invoking the "tort of racing" failed as a matter of law. According to defendants, plaintiff neither alleged nor offered any evidence of an actual agreement to race. Plaintiff responded that the allegations of the complaint, which specifically alleged that Painter and Hubbard agreed to race, were sufficient. As evidence in support of her theory, plaintiff submitted an affidavit of a witness, Betty Culver, who testified that she observed Painter and Hubbard pass her on Highway 30, that they were traveling very fast and very close together—so close that, at first, she did not realize that she was being passed by two trucks instead of one. She testified that "[b]oth pickups were traveling much too fast, they were traveling together, and it was obvious that they were racing together to get somewhere."

Defendants moved to strike Culver's testimony that Painter and Hubbard were "racing" on the ground that it was inadmissible opinion testimony, and the trial court granted the motion. The trial court then granted both the motion for judgment on the pleadings and the motion for summary judgment. The court concluded that plaintiff failed to plead or offer evidence that Painter and Hubbard agreed to "race," which it held referred narrowly to a head-to-head speeding competition. Although the trial court did not expressly say so, we assume that it granted the first motion and then, in the alternative, granted the second in the event that the first decision turned out to be erroneous.

On appeal, plaintiff first argues that the trial court erred in granting the motion for judgment on the pleadings. In reviewing the trial court's entry of judgment on the pleadings, we examine the pleadings in the light most favorable to plaintiff to determine whether, in their entirety, they show that plaintiff has not stated a claim for negligence against defendants. *Slogowski v. Lyness*, 324 Or 436, 439, 927 P2d 587 (1996).

According to plaintiff, the allegations of the complaint, if true, are sufficient to establish that Painter aided or

assisted Hubbard in the commission of a tort under the standards of joint tort liability described in section 876 of the *Restatement (Second) of Torts* (1979) and endorsed in *Granewich v. Harding*, 329 Or 47, 985 P2d 788 (1999). We agree. Section 876 of the *Restatement* describes three ways in which persons who act together may be held liable for each other's tortious conduct:

> "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> "(a)  does a tortious act in concert with the other person or pursuant to a common design with him, or
>
> "(b)  knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> "(c)  gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."

*Restatement (Second) of Torts* § 876 (1979). In this case, plaintiff argues that defendants are liable under subsection (a). Thus, the determinative question is whether the allegations suffice to establish a claim that Painter and Hubbard acted "in concert" or pursuant to a common design. We understand the term to act "in concert" to mean the performance of an action that is "mutually contrived or planned," "agreed on," "performed in unison," or "done together." *See Webster's Third New Int'l Dictionary*, 470 (unabridged ed 1993) (defining "concerted").

The complaint alleges that the two "agreed to race" at "excessively high rates of speed" to Woodland, with Painter in the lead and Hubbard following and that, in fact, they drove down Highway 30 in tandem and at very high speeds. Viewing the complaint in the light most favorable to plaintiff, and drawing all reasonable inferences from it in favor of plaintiff, those allegations establish that Painter acted "in concert" with Hubbard or acted pursuant to a common design with him.

Defendants' arguments to the contrary are not persuasive. Their principal contention is that the allegation that

Painter and Hubbard "agreed to race" is a bare legal conclusion. According to defendants, to state a claim of joint liability for "racing," a plaintiff must plead and prove a challenge to engage in a contest of speed and a response to the challenge, including "the speed and relative positions of the vehicles" during the race.

In support of their argument, defendants rely on *Lemons v. Kelly*, 239 Or 354, 397 P2d 784 (1964). In that case, the plaintiff suffered injuries in an automobile accident while she was a passenger. She alleged, and attempted to prove at trial, that the driver of the car in which she was the passenger was racing another vehicle at the time of the accident. After a jury verdict in favor of the plaintiff, the defendants appealed, arguing that the evidence showed that the race had terminated before the accident occurred. The court affirmed, holding that whether the race had terminated was a question for the jury. In so holding, the court recognized that the sort of head-to-head racing between the vehicles at issue in that case was *sufficient* to trigger joint liability under section 876 of the *Restatement*. It did not, however, hold that that type of racing was *necessary* to trigger joint liability, much less that evidence in support of an agreement to engage in that type of racing is required for a pleading to pass muster. Those questions simply were not before the court.

In our view, taking the allegations of the pleading in the light most favorable to plaintiff, the assertion that Painter and Hubbard "agreed to race" merely alleges the fact of such an agreement, not a legal conclusion. Moreover, we find no support for defendants' assertion that the "racing" that may trigger joint liability is limited to the sort of head-to-head racing that was at issue in *Lemons*. Certainly nothing in section 876(a) of the *Restatement* supports such a view. The only question is whether Painter did a "tortious act" in concert with Hubbard or in common design with him. The complaint alleges that they "agreed to race their pickups at excessively high rates of speed." To "race" includes a wide variety of actions, including "to go, move, or run at top speed or out of control" and "to drive at high speed." *Webster's Third New Int'l Dictionary* at 1870.[1] In other words, the complaint

---

[1] We note that ORS 811.125 describes the offense of "speed racing on a highway," which may be committed by a "speed competition or contest." It also may be

alleges that Painter and Hubbard agreed to engage jointly in tortious conduct. That allegation is not insufficient as a matter of law. The trial court therefore erred in granting the motion for judgment on the pleadings.

We turn to the trial court's alternative ruling that, even if the complaint was legally sufficient, the evidence before the court in the summary judgment record was not.[2] In reviewing the entry of summary judgment, we examine the record in the light most favorable to the nonmoving party to determine whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

Plaintiff argues that there is evidence in the summary judgment record sufficient to create a genuine issue of material fact at least as to whether Painter and Hubbard acted tortiously in concert by speeding to Woodland in tandem, with Painter in the lead and Hubbard following. Defendants argue that the evidence is legally insufficient, because there is a complete absence of proof that Painter and Hubbard agreed to compete in a head-to-head speeding competition, much less that they actually engaged in such a competition.

Once again, defendants' argument relies on the twin assumptions that joint liability depends on whether Painter and Hubbard agreed to "race" and that "race" is a term of "specialized legal meaning" that refers solely to a head-to-head speeding competition. There is, as we have noted, no support for either assumption. Joint liability does not depend on the existence of an agreement to "race" in that limited

committed, however, by an "exhibition of speed or acceleration." In any event, in this action for common-law negligence, there is no reason to conclude that the concerted action that may trigger joint liability under section 876(a) of the *Restatement* is limited to the sort of racing that is described in that particular statute.

[2] In a footnote in their brief, defendants assert that, if we reach the question whether the trial court properly entered summary judgment in their favor, we first must consider whether the court erred in failing to strike certain of plaintiff's affidavits offered in opposition to the summary judgment motion. Defendants, however, did not properly cross-assign error to any of the trial court's decisions with respect to the admissibility of those affidavits. *See* ORAP 5.57. We therefore decline to address those arguments.

sense; rather, as it pertains here, it depends on the commission of tortious conduct in concert with or pursuant to a common design with another person.

In this case, the summary judgment record contains uncontested evidence that Painter and Hubbard traveled down Highway 30 at speeds well in excess of the posted limit, in tandem, one pickup immediately behind the other in "piggyback" formation. The uncontested evidence further shows that the two pickups passed one vehicle, in which Culver was a passenger, at a very high speed and so closely that Culver could not even see the headlights of the second pickup. The two pickups passed Culver's car at an estimated 75-80 miles per hour in a no-passing zone, one immediately after the other. Finally, the uncontested evidence shows that the two pickups approached a gasoline tanker that was itself traveling above the speed limit; that, without slowing, the two pickups pulled out and began to pass the tanker at a high rate of speed; that the two pickups were so close together that the driver of the gasoline tanker did not notice that not one but two pickups were passing him until the second pickup was alongside the cab of the tanker; and that the first pickup, driven by Painter, was able to complete the pass barely in time to avoid a head-on collision with plaintiff's car.

Viewing that uncontested evidence in the light most favorable to plaintiff, there is at least a genuine issue of material fact concerning whether Painter and Hubbard acted "in concert" with one another as they sped down Highway 30 on the way to Woodland. The fact that there is no evidence that Painter and Hubbard had agreed to "race" in the sense of engaging in a head-to-head speeding competition is beside the point.

Plaintiff also assigns error to the trial court's allowance of defendants' motion to strike portions of the affidavit of Culver. In light of our conclusion that, even without considering that evidence, plaintiff supplied evidence sufficient to defeat the summary judgment motion, we need not address that assignment.

Reversed and remanded.