Argued December 7, 1971, reversed and remanded
January 19, 1972

ROGERS ET UX, *Appellants, v.* DONOVAN ET UX,
*Respondents.*

492 P2d 768

*Reuben Lenske,* Portland, argued the cause and filed a brief for appellants.

*Darrell E. Bewley,* Portland, argued the cause for respondents. With him on the brief was Francis F. Yunker, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is an action to recover damages for interference with an easement of way which plaintiffs claim to have acquired by prescription. Defendants interposed an answer which the trial court treated as raising an equitable defense which was tried first. The court found in favor of defendants and since the issues decided at that stage in the proceedings were determinative of the issue raised by plaintiffs, the court dismissed plaintiffs' complaint. Plaintiffs appeal, contending that they were deprived of their right to a trial by jury.

■ The complaint alleged that plaintiffs were owners of a certain parcel of property, describing it; that defendants were owners of an adjoining parcel; that plaintiffs acquired a right of way by prescription over defendants' parcel; that plaintiffs were prevented by defendants from using the right of way; that said continuing trespasses were committed by defendants maliciously; wherefore plaintiffs prayed for $1,000 general damages and $10,000 punitive damages.[1]

---

[1] Trespass lies only for an interference with a possessory interest in land. 1 Harper & James, The Law of Torts, § 1.2 (1956).

Defendants' answer consisted of a general denial and a further and separate answer which alleged by way of "countersuit" that defendants were owners of a certain parcel of land, describing it; that plaintiffs "claim some right, title and interest" in and to a strip of defendants' land; that the rights so claimed "are spurious and without legal right or justification and are inferior to the fee simple title thereto by these defendants"; that plaintiffs have trespassed on the 10-foot strip and are threatening to further trespass thereon, "and unless restrained will continue the said trespass"; that defendants have no plain, speedy or adequate remedy at law. Defendants' prayer asked that plaintiffs' complaint be dismissed and that plaintiffs "be forever restrained from claiming any interest in and to any part of the real property herein described, and especially the ten feet thereof, and that they be restrained from trespassing upon defendants' parcel and for such other relief as the court may deem meet and equitable * * *."

Plaintiffs then responded with a pleading in which plaintiffs demurred to defendants' further and separate answer on the ground (1) that the countersuit fails to state sufficient facts to constitute a valid defense or countersuit, (2) that in plaintiffs' complaint and defendants' general denial issue is duly raised as to plaintiffs' right to use the strip in question, and therefore defendants' countersuit is surplusage and "the sole purpose of said countersuit is to deprive plaintiffs of a jury trial on the issues set forth in said complaint."

---

An easement is not a possessory interest in land. Therefore, the complaint incorrectly alleges that defendants' interference with the claimed easement was a trespass. 3 Tiffany, Real Property § 814, p. 362 (1939).

The trial court treated defendants' separate answer as a suit to quiet title and ruled that defendants were entitled to have the issue raised in that suit tried first without a jury (ORS 16.460(2)). Plaintiffs objected to the ruling on the ground that they were entitled to a jury trial.

■ Assuming, as the trial court did, that defendants' countersuit is a suit to quiet title, it is to be noted that it seeks to quiet title only with respect to the interest of the plaintiffs and that the only interest claimed by plaintiffs is an easement. Defendants are entitled to seek the aid of equity only if there is no adequate remedy at law. If the decree in defendants' countersuit in equity would result in no different adjudication of the rights of the parties than the judgment in the action at law brought by plaintiffs, then defendants have an adequate remedy at law by trying out the issues in the law action.

The decree in equity would have the effect only of establishing that plaintiffs either did or did not have a right of way over defendants' land. Plaintiffs claimed no other interest in defendants' land. Defendants' allegation that plaintiffs threaten to continue to trespass unless restrained does not, in the context of this case, constitute a basis for granting equitable relief. It is no more than an allegation that unless the question of plaintiffs' right to use defendants' land is adjudicated, plaintiffs will continue to trespass upon defendants' land. That threat will be eliminated by the judgment in the law action brought by plaintiffs.

It is our conclusion, therefore, that defendants had an adequate remedy by trying out the law action and that the trial court erred in proceeding with the trial of defendants' countersuit.

The judgment is reversed and the cause is remanded for a new trial.