## JANTZEN BEACH ASSOCIATES, LLC,
an Oregon limited liability company,
*Respondent - Cross-Appellant,*

*v.*

## JANTZEN DYNAMIC CORPORATION,
an Oregon corporation;
MBK Northwest,
a Washington limited partnership;
and Circuit City Stores, Inc.,
a Virginia corporation,
*Appellants - Cross-Respondents.*

0011-12284; A118541

129 P3d 186

William A. Drew, and Elliott, Ostrander & Preston, P.C., for petition.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff petitions for reconsideration of our opinion reversing a judgment in its favor and dismissing its cross-appeal as moot. *Jantzen Beach Associates v. Jantzen Dynamic Corp.*, 200 Or App 457, 115 P3d 943 (2005). Plaintiff contends, among other things, that we failed to address one of the assignments of error in its cross-appeal, which was a necessary precursor to our review of the merits in this action. We grant plaintiff's petition, and adhere to our original opinion as modified by this opinion. We write only to address (1) plaintiff's contention that we failed to first resolve one of the issues in its cross-appeal before determining that defendant was entitled to a judgment on the pleadings, and (2) the related argument that we misconstrued the law of assumpsit with respect to real property interests.[1]

We briefly summarize the pertinent facts. Plaintiff owns a parcel of commercial real property in the Jantzen Beach area. That parcel is benefitted by a restrictive covenant that prohibits construction on a portion of an adjacent property. Plaintiff elected to go to trial on its theory of assumpsit, rather than for breach of the restrictive covenant, in its action against defendants for building within the restricted area. The trial court awarded damages to plaintiff. However, we held on appeal that the trial court should have granted defendant's motion for a judgment on the pleadings, and we reversed the judgment. In our original opinion, we held that defendants were entitled to a judgment on the pleadings because plaintiff failed to state a claim for assumpsit regarding a restrictive covenant benefitting plaintiff's property. We further concluded that all of plaintiff's assignments of error on cross-appeal, which we determined pertained to the measure of damages sought by plaintiff, were therefore moot. In its petition for reconsideration, plaintiff contends that its third assignment of error was not moot, but rather contained additional allegations that salvaged its assumpsit claim from the reasoning in our original opinion.

---

[1] The remaining arguments in plaintiff's petition were made for the first time on reconsideration or do not merit discussion. We therefore decline to address them.

Plaintiff essentially seizes upon two sentences in our original opinion, in which we stated, "Here plaintiff however does not seek restitution of money or restitution of something that can be presumptively converted into money before the action was filed. Rather, it seeks to recover through its complaint the value of the benefit that plaintiff could 'have received for the release of its building restriction.' " 200 Or App at 467. Plaintiff argues that, had we entertained its third assignment of error on cross-appeal and looked at plaintiff's second amended complaint—as it existed before the trial court's order striking certain allegations—we would have discovered that plaintiff did, in fact, "allege the appropriation of something that could be converted into money, and that *was* converted into money before the filing of the complaint, *i.e.*, the rental income from the unauthorized building."[2] (Emphasis in original.) We disagree.

Plaintiff simply mischaracterizes the basis of the holding in our original opinion. In the sentence following those relied on by plaintiff, we stated,

"Although, in a sense, that measure [the value of the benefit that plaintiff could have received for the release of its building restriction] appears to assess the amount that defendants have been unjustly enriched, *it fails to engage with the concept that assumpsit is a remedy to recover on what the law implies is a contract to make restitution for something tangible that belonged to the plaintiff and was appropriated by defendants.*"

---

[2] The second amended complaint stated:

"By providing the unauthorized warrants in the ground lease [to Circuit City], and allowing Circuit City to build within the legally restricted area, MBK received money, and the promise of future payments of money, for the false authority to build where no one could build without Plaintiff's consent, *i.e.*, inside the legally restricted area. MBK, and later Jantzen Dynamic, was wrongfully paid a substantial sum of money on account of its unauthorized usurpation of a property right it did not own within the legally restricted area, *i.e.*, the right to build."

The second amended complaint also contained a number of other allegations to the effect that MBK and Jantzen Dynamic "wrongfully received money (in the form of a portion of the ground lease payments from Circuit City) that, in equity and good conscience, should have gone to Plaintiff to purchase Plaintiff's property interest, or to obtain Plaintiff's release of the Building Restriction, or to otherwise compensate Plaintiff for the continuing usurpation of its property right."

*Id.* (emphasis added). In this context, we held that it was not enough for plaintiff simply to allege a right to recover money, whether as the lease payments or the value of the release of the covenant, that plaintiff believes is somehow a product of or has derived from the violation of the building restriction. An action for assumpsit concerning interference with or breach of real property interests is limited in its scope. As we stated in our original opinion, under the law of assumpsit, both as it originated at common law and as it has developed in Oregon with respect to interests in real property, a plaintiff generally must allege and prove that *tangible* property that belonged to the plaintiff was converted by the defendant, in addition to the mere use of or interference with the plaintiff's real property rights. 200 Or App at 465-66 (citing authority).

Plaintiff, however, argues on reconsideration that assumpsit does not, in fact, require the conversion of tangible property in addition to interference with the restrictive covenant. According to plaintiff, the "modern rule" is that, "where an intangible property right is violated without the consent of the landowner, an action *does* lie in *assumpsit* to recover the value of the intangible right or the benefit gained by the tort." (Emphasis in original.) Plaintiff contends that the modern rule is articulated in *Raven Red Ash Coal Co. v. Ball,* 185 Va 534, 39 SE2d 231 (1946), and in cases from other jurisdictions in which plaintiffs have recovered on assumpsit claims involving trespasses to real property without any appropriation of anything tangible from the land. Plaintiff's reliance on those cases is flawed for two reasons. First, the holding in *Raven Red Ash Coal Co.* does not reflect the majority rule. It articulates a departure from the majority rule that interference with real property interests must be accompanied by a conversion of tangible property. In fact, the *Raven Red Ash Coal Co.* court specifically makes that point, as our original opinion observed. 200 Or App at 465-66 n 5. Our own research is consistent with the *Raven Red Ash Coal Co.* court's view of the majority rule and does not indicate that *Raven Red Ash Coal Co.* has established a "modern rule" that assumpsit is a viable action for *any* interference with real property rights.

Second, *Raven Red Ash Coal Co.* and other cases cited by plaintiff are "naked trespass" cases, *i.e.,* they

involved claims in which the defendant had tortiously interfered with a plaintiff's possessory property rights. In this case, the parties' respective rights were governed by a restrictive covenant. Plaintiff did not have a *possessory* interest in defendants' property, and therefore there was no "trespass" in this case. *Cf. Willamette Quarries v. Wodtli*, 308 Or 406, 415 n 5, 781 P2d 1196 (1989) ("We have stated that, because an easement is not a possessory interest in land, interference with an easement does not give rise to an action for trespass by the easement holder."); *Rogers v. Donovan*, 261 Or 124, 125 n 1, 492 P2d 768 (1972) (trespass lies only for an interference with a possessory interest in land). Thus, even if the "modern rule" allows an assumpsit remedy for "naked trespass" cases, plaintiff does not allege facts that, if true, constitute a trespass.

In sum, plaintiff's interest in the restrictive covenant, however couched by plaintiff, is merely an intangible, nonpossessory interest, and a claim in assumpsit has not been recognized in Oregon for an interference with or breach of that type of interest. Moreover, plaintiff has not pointed us to, nor has our research disclosed, any case (in Oregon or otherwise) in which a plaintiff recovered in assumpsit concerning the breach of a restrictive covenant or interference with similar nonpossessory real property rights. And, for the reasons expressed in our original opinion, 200 Or App at 466-67, we decline to expand the action of assumpsit to encompass a claim for such an interference.

Thus, regardless of whether plaintiff alleges that the spoils of defendants' purported "conversion" of the restrictive covenant was the value of release of the restriction *or* lease payments, plaintiff cannot avoid the fact that its claim for interference with an intangible, nonpossessory property interest does not involve a "conversion" and is not otherwise cognizable in assumpsit.[3] The trial court therefore did not err

---

[3] Plaintiff, in a related argument, asserts that we mischaracterized the "gist" of its claim when we stated that "the Circuit City building interferes with the visibility that the restrictive covenant protects—that passing motor vehicular traffic on North Hayden Island Drive will have an unrestricted view of Parcel A." 200 Or App at 460. According to plaintiff, the building restriction was not limited to a "view" purpose. That fact is not relevant to our decision. What is relevant is that interference with the building restriction does not involve the conversion of tangible or personal property, and therefore does not give rise to an assumpsit claim on these facts.

in striking from plaintiff's second amended complaint allegations concerning the "conversion" of the restrictive covenant into lease payments, and we reject plaintiff's third assignment of error on cross-appeal.

Reconsideration allowed; former opinion modified and adhered to as modified; former disposition withdrawn; reversed on appeal; affirmed on cross-appeal.